Please rise. This court is now in session. Please be seated. Case number 315-0273, people of the state of Illinois, Ethelene Nigeria-Gonetovic v. Robert Jackson, appellant by Emily Koza. Good morning, your honors, and may it please the court, counsel. My name is Emily Koza, and I'm with the Office of the State Appellate Defender, representing Robert Jackson in this case. Mr. Jackson has been fighting for his right to file a direct appeal for nearly a decade, and that's why we're here today. In 2008, Mr. Jackson filed a pro se post-conviction petition, alleging in part that he was denied his right to a direct appeal because his trial counsel, Mark Rose, failed to pursue one on his behalf. Now, at the time Mr. Jackson filed this petition, there was a motion to reconsider a sentence that had never been ruled upon, and the trial court recognized this and acknowledged it but failed to rule on it. And that's important here, because if Judge Brandt had ruled on that motion when he became aware of it, Mr. Jackson would have received the relief that he sought, the ability to file a direct appeal. Instead, the trial court took no action, and to date, that motion has not been ruled upon. And that's why we're asking that your honors remand this case to the trial court for ruling on the motion, which would give Mr. Jackson the opportunity to file a direct appeal. However, if your honors find that such relief is not appropriate, we ask that you remand this case for a new evidentiary hearing on Mr. Jackson's petition, as post-conviction counsel Thomas Sheets failed to provide reasonable assistance. The record in this case is replete with Mr. Sheets's oversights. These are detailed in the briefs, and together, they demonstrate the staggering lack of assistance in this case. But I want to focus on Mr. Sheets's performance at the evidentiary hearing, just briefly. In his petition, like I said, Jackson claimed that his attorney, Mark Rose, was ineffective for failing to pursue a direct appeal on his behalf. Now, it was clear that no appeal had been perfected. Thus, what was at issue at the hearing was whether Jackson had told Rose that he wanted to appeal, and if so, when he had told him. The only evidence that Sheets presented at the hearing was Jackson's testimony, and the only argument that Sheets made at the hearing was that filing a motion to reconsider sentence was consistent with the client wanting to appeal. Consistent in general, not consistent in this case, just consistent in general. This was not even the barest attempt to meet the burden of proof at the hearing, which they were required to do. Rose testified at the hearing that Jackson told him he didn't want to appeal, and that the motion to reconsider sentence was filed as a way to keep the case open, in case Jackson changed his mind. And according to Rose, because Jackson never contacted him to let him know that he changed his mind, Rose never requested that the motion be heard. Now, Sheets failed to challenge this explanation in any meaningful way, like, for example, asking Rose if he was aware that the fact that he didn't put a notice with the motion meant that the motion wasn't timely, and thus wouldn't have had the effect that Rose intended it to do, to keep the file open for Jackson to change his mind about filing an appeal. And Sheets also didn't present any of the available evidence that would have called this explanation into question. So Rose had apparently admitted to Mr. Jackson's sister that he had forgotten to pursue Jackson's appeal because his wife had died. But Sheets failed to call Jackson's sister at the hearing, and didn't question Rose about his wife's death and the possible effect of that tragedy on his performance in this case. This information was critically important to establishing Jackson's claims. It offered a reasonable alternative explanation for why the motion to reconsider sentence had never been argued, and it supported Jackson's claim that it was Rose who was at fault for failing to file a direct appeal. So, in sum, Sheets failed to provide even a basic level of assistance to Jackson throughout the post-conviction process. And if your honors do not have any questions for me, we respectfully request that this court either remand for a ruling on the motion to reconsider sentence, or in the alternative, remand for a new evidentiary hearing. What form would that remand take for the first issue? For the first issue? Yeah. For a hearing on the motion to reconsider sentence. And if it's turned down, it's a denial, that's the end of the case? Yeah. Mr. Jackson would then, yes, be able to pursue a direct appeal if he files a notice of appeal within 30 days of that denial, yes. It would be the end of the case. I was wondering if a retrospective hearing would be appropriate. A retrospective hearing? Yeah, that the court would be able to make that decision retrospectively. I believe they would. If this court finds that the time period to file a notice of appeal was told, I believe they would be. Thank you. Thank you, Counselor. Thank you. Counselor, you may proceed. Please, clerk, counsel. Kind of a unique case procedurally, to say the least. Eight years? You have the time frame. First, you have a motion to reconsider sentence that wasn't heard, but you have a reason why it was filed, even though, technically speaking, it really didn't need to be filed. And it really certainly didn't need to be filed in order to do an appeal, unless you wanted to do something with the sentence. So it's kind of a potpourri of things going on here. But it was filed. But it was filed. But then we have to look behind the reasons why it was filed. And, first of all, in this case, with respect to this issue, motion to reconsider. Is that important, the various rationale why something was filed? Shouldn't it just be heard? No. Or withdrawn? Well, in a perfect world. What about this imperfect world? No, this imperfect world. First of all, we've got a problem with this imperfect world. And the fact that raising this issue, the motion to reconsider at this time, is questionable whether this court has ‑‑ whether this court should decide this issue, even, because of the motion. Because the motion to ‑‑ this is an appeal from what? This is an appeal from a third stage evidentiary hearing on a post‑conviction petition. Raised for the first time on appeal is this matter about this motion to reconsider sentence was never heard. It's not something that was raised in the PC. It became part of the PC in relation to the defense theory as to why the notice of appeal wasn't filed. But as an issue unto itself as to whether or not it should be heard, that was never presented. That's presented for the first time on appeal. And when an issue is not raised in the PC, from the PC appeal, this court can't decide it. There's nothing to decide. There's nothing before the court. And plain error does not apply in a PC hearing. So you can't take and say, well, you know, this is plain error. The evidence is closed. So this is a constitutional issue, a watershed case, et cetera, et cetera. You can't do that. So it's a question of whether or not this court can even address the propriety of what counsel is asking for for having this case remanded to consider the motion to reconsider sentence in order for the defendant to have a direct appeal. It's kind of like an end run around what has already been done and what has already been found. Because what has already been found here is the fact that the trial judge found that the defendant didn't ask for an appeal. He found not that anything was forfeited, not that anything was waived. He found specifically on the credibility question of defendant's testimony versus testimony of attorney Rose, he found Rose's explanation more credible and made that determination, that finding. And so in terms of, first of all, the separate issue about remanding this to reconsider this to appeal, this issue is just not before the court. It's just that simple because it wasn't raised in the PC. Also, that's what I have kind of argued in my brief. It's a lack of authority that they can do anything with this. The second part of this thing with this, simply with the motion to reconsider sentence, is the fact that when you look at everything, even though your honor suggested the fact that it was withdrawn, in effect, the motion was abandoned. This motion has been abandoned because it was not called. Now, I know that part of the argument here is that under the sentencing statute, in order to be considered time and file, you've got to file it, you've got to file it with the notice of hearing, etc. I have seen a lot of cases in which counsel will take and file a particular motion to reconsider a sentence, not necessarily have a date set. A date is eventually set, a hearing is held usually shortly after sentencing, and they have a hearing, motion decided, and a notice of appeal is filed. That didn't occur here. Now, the reason why it didn't occur here is part and parcel with respect to the evidentiary hearing on the PC, which simply is the fact that Attorney Rose took this step in an effort to take and protect defendant's right to take and argue against his 24-year sentence, if he so chose, to extend the 30 days to give him time to think that if he wanted to appeal, give him that. He never heard from the defendant and saw the motion just laid down. And in that fashion, 17 months later, when counsel refers to the fact that the trial judge here saw, oh, wow, there's a motion to reconsider, it's not heard. I'm going to let the attorneys handle that. I would say 17 months later, that particular motion has been abandoned. I think the trial judge, in effect, that's what he was kind of looking at. There's no investment here. Nobody tried to take and re-argue, well, maybe we should consider this, Judge. Let's consider it because the case law says, you know, if you've got a pending motion to file a notice of appeal, the notice of appeal is ineffective. Right? Nobody did that. And so in this particular case, in this case, by that time, this motion had been abandoned by the defense. And the case of Johnson supports that. In Johnson's Supreme Court case, basically four months elapsed between the filing of a motion to substitute judge for cause. Four months passed. The trial was heard. Only then, after the four months after he was convicted, did the defendant finally say something. The Supreme Court found four months was enough. And this is on a motion to substitute a judge. The same judge that heard the update. But the difference in that case is they went to a trial without getting a ruling on the motion. That's the whole point. That's the whole point. But that's the whole point. On the motion, nothing happened. And on the motion here, nothing happened. Nothing happened otherwise either. In that case you're citing, they didn't get a ruling on motion, but they went and did other things. Sure. What happened in this case? What happened in this case was the fact that everything by that time had been done. The motion was filed, and nothing was done. The abandonment, it's not so much a question of the fact that something else was done. It's the fact that the defendant didn't do anything on his motion until four months after. And, of course, other things were done in the interim, in between the time of filing and the time that he raised it. But by that time, all this had been done. They found that four months was enough to abandon it. I would say here, filing a motion to take and reconsider a sentence, filed solely or for the sole purpose of trying to protect the defendant's right to appeal should he want one, is the event. And because of the fact that the motion, and because of the fact that the, if you will, the purpose for which counsel filed this did not occur, did not hear from his client, the motion to reconsider was abandoned. And I don't think there's any basis at all, even if this court were to consider it, this court would have to take, I think, and find that this motion has been abandoned. With respect to ineffective assistance of counsel at the PC hearing, his trial decision, his professional determination was to take and show that what happened here is if you look at the nature of the events, i.e., defendant was sentenced, counsel then files a motion to reconsider, normally, why is that done? That is done in preparation for what? Preparation for a notice of appeal. Rather than take and go into a very delicate matter concerning the death of counsel's wife and trying to establish that somehow this, he was distraught and didn't do this, counsel decided that was not the best strategy to use. He simply tried to take and show this, what counsel did was an effort to show defendant's intent. That's what he tried to take and show. And in this particular case, that is a trial tactic. In any kind of... I understand what you're saying. Isn't the trial tactic have to relate to what's in the defendant's best interest rather than what's in the previous attorney's best interest to not, I don't know, if it was to embarrass or dredge up a painful incident, the death of his wife. Is that the type of thing that is a trial tactic? Because a trial strategy is something that is for the benefit in the attorney's opinion of the defendant. I understand why he maybe didn't want to make a disparaging remark about the attorney, but I don't know if that's the type of thing that is considered trial strategy to benefit the defendant. Maybe you have a different thought about that. That's my belief. I, myself, as a trial tactic, and I think this was in defendant's best interest, was to take and try to show that what counsel had done that is objectively, not subjectively, but objectively viewable from the record to be able to take and base an argument that this is what... he didn't ask for an appeal, this shows that he did. And I think that's a heck of a lot stronger than trying to take and try to take an argument, something about an effect of the death of his wife. And aside from all of that, the fact of the matter remains, under Rule 651... On that point, the fact of the death of the wife, that's not contrary to the other position. When they sort of go hand in glove, there's all these explanations, it's a fact back down. It is a fact back down. It's not choosing A over B, you know, where you can only have A or you can only have B. No, no, no, oh, no, no, no, no, it is. But then, yet, at the same time, a lot of times, a lot of times, I personally will not make an argument because I'm a certain thing because I believe, even though it might go hand in hand, I sometimes feel as though it detracts from the important part of my other argument, or the important part that I'm trying to make. And so I make that... I just think... I guess it's just because I find it somewhat... I don't want to use the word offensive, but it's very delicate, and it's very... It's the kind of thing that seems as though what you're trying to take and do is you're really trying to take and find some kind of an excuse to take and bootstrap yourself into trying to take and take counsel as being someone who basically didn't do what he was supposed to do. And I don't... To me, I think it weakens it. I don't think it strengthens the argument at all. I think the argument that this is what was filed, this is what was intended, I think is by far the strongest argument. And trying to take and argue that kind of an emotional thing, to me, detracts from that. But in talking about ineffective assistance, Rule 651c provides certain duties. Counsel did those duties in this case, performed those duties. Went to a third-stage evidentiary hearing, adequately presented his case, and you don't have... I don't think you have the same type of ineffective assistance of PC counsel as a freestanding claim like you do with respect to ineffective assistance of trial counsel. And that doesn't mean that PC counsel can just sit as long as not doing anything, but in this case, counsel did what he thought was best for his client, presented the best argument in the best fashion. And we can all sit and second-guess. We can all sit and armchair, you know, as much as we would like to. But under the circumstances and based on what was here, counsel presented the strongest argument, cross-examined Rose, subjected him to cross-examination, to questioning him, and the fact that the trial judge chose to believe the attorney counsel and his explanation of that defendant is a credibility question that is left to the trial judge. And there's been no question here or claim that he abused his discretion in making that finding. Although I know the argument's been made that had he said something about the wife and tried to do this and that, it maybe would have changed his mind, okay? Two minutes. Thank you. I necessarily don't ascribe to that. I think that basically in considering that, I think the trial judge, based on what was presented and the explanation provided by Attorney Rose, the judgment would still not also have been the same. So for those reasons, we respectfully request that, first of all, the court not even consider the motion to reconsider sentences. That is the authority. As far as ineffective assistance, we think that counsel was effective for the PC hearing, and we would ask this court to affirm the judgment of the law. If there's any questions. Thank you, counsel. Thank you. Counsel. Just a few points that I want to address. So in regards to issue one, counsel argued that, well, this issue about the failure to not rule on the motion to reconsider a sentence wasn't included in the petition because there's no possible way it could have been included in the petition. The failure happened after the petition was already filed. There's no way that it could have been included in the petition. And the fact that it wasn't, in essence, it couldn't have been included in the original petition. And the fact that it wasn't included in the subsequent petition just goes to support argument two, which is that Mr. Sheets provided unreasonable assistance. He didn't amend the petition in any way. In fact, he stood on a petition that was legally and factually deficient. The only reason that this petition got to the third stage is because Mr. Jackson advocated for himself. The state, at the hearing on the motion to dismiss, argued that the petition didn't include when Jackson had asked Mr. Rose for the appeal. And Mr. Sheets said, no, I'm going to stand on the petition. Everything Mr. Jackson wants you to know is in that petition. And that's it. Mr. Jackson stood up and said, I asked him after my trial, I asked him for a direct appeal. I asked him if he was going to put in for it. And he said he would. My sister kept calling him. He kept telling her he had to go back before the judge. And eventually he told her he forgot because his wife died. So the only reason that this got to the second stage was because of Mr. Jackson advocating for himself. But again, the reason this wasn't included in the first petition was that it couldn't have been because the failure didn't happen until after the first petition was filed. And People v. Davis does allow, which is a case the state relied upon in their response, it does allow this court to avoid strict adherence to the waiver rule in the interest of justice. And here the interests of justice are pretty clear. It was the trial court, Mr. Rose, and post-conviction counsel who failed Mr. Jackson here. And those failures shouldn't be imputed to him. Now, in regards to the second issue and Mr. Sheetz's performance at the hearing, counsel made a big deal about the credibility. Well, the judge found that Mr. Rose's explanation was more credible. And that's exactly my point, is that on balance he found that Rose's story was more likely true. If you read the order denying the petition after the third stage, he doesn't actually even mention Jackson's testimony. He says, Mr. Rose's explanation was more likely true, so I find that Mr. Jackson didn't ask him. And that's exactly why Mr. Sheetz should have presented this other evidence. He didn't have to necessarily cross-examine Mr. Rose about the death of his wife. Obviously, it's a sensitive issue, and you have to tread lightly. But he could have offered other evidence, like the testimony of Jackson's sister, who could have testified to what Mr. Rose told her and to the fact that she did, in fact, contact him. And again, Mr. Rose didn't testify at the hearing that 100% Mr. Jackson and his family didn't contact him. He said he couldn't recall. But the fact that he didn't do anything, that he, in fact, didn't file an appeal, that's how he concluded that they never contacted him, because he believed he would have done something if they had. The timing of his wife's death, in conjunction with Jackson's sister's testimony that she did contact him, all of this gives an alternate explanation as to why no action was taken on this motion to reconsider sentence. And it's – Mr. Genetovic argued that the strongest issue was that, objectively, the filing of this motion to reconsider sentence was consistent. This wasn't the strongest argument, but it was easily explained by Rose. All Rose had to do was offer an alternative explanation, and that's exactly what happened at the hearing here. And the fact that Mr. Sheets didn't offer any other evidence other than a competing story, Jackson's story, to support Jackson's version of events just goes to show that he didn't provide reasonable assistance. One minute, please. Thank you. And one final point in regards to Rule 651C. Again, there are two – Rule 651C and reasonable assistance aren't strictly tied together. Filing a 651C certificate raises a rebuttable presumption that reasonable assistance was provided, but the court is still allowed to look to the record to see whether or not the record rebuts that presumption. And I think it's pretty clear that the record in this case does rebut that presumption, and that for those reasons, we ask that Your Honors either remand for a hearing on the motion to reconsider sentence or remand for a new evidentiary hearing. Thank you, Counsel. Thank you. The court will take this under advisement and to render a decision at a later date. Right now, we'll take a brief recess for a panel change. Thank you. Thank you, Your Honors.